DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

AJAY KRISHNAMURTHY (CABN 305533)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7050
    FAX: (415) 436-7234
    Ajay.krishnamurthy@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-431-WHA |
| Plaintiff, | Sentencing Memorandum |
| v. | |
| PETER EIDELMAN, | Date: July 14, 2020<br>2:00 p.m. |
| Defendant. | |

    Peter Eidelman stole over $340,000 from his former company. His theft was not motivated by desperation or financial need; Eidelman was already a highly paid executive in a position of trust. This is an aggravating factor.

    On the other side of the ledger, Eidelman has lived an otherwise law-abiding life. He also expressed genuine remorse, took responsibility for his conduct when interviewed by the FBI, and was unusually cooperative with this prosecution: Eidelman wrote a check to pay back what he stole on the same day he was interviewed and agreed to plead guilty prior to indictment.

    The undisputed Guidelines range is 27 – 33 months. As a result of Eidelman's acceptance of responsibility and cooperation, the United States believes that a below-Guidelines sentence is warranted. Pursuant to the plea agreement, we respectfully request that the Court impose an 18-month sentence.

## I. Background

This is an embezzlement case. From 2015 to 2018, Peter Eidelman was the CFO of Risk Management Solutions, Inc. (RMS). In May 2017, Eidelman began to use his position as the CFO to defraud his company.

Specifically, Eidelman created a company called SLC Advisors and sent fake invoices from SLC Advisors to RMS. ECF No. 8, ¶ 2. The invoices purported to be for consulting services, but no such services were ever provided. *Id.* Eidelman did not tell RMS that he owned SLC Advisors, and used his position as CFO to approve payment from RMS to SLC Advisors. *Id.* Ultimately, RMS mailed SLC Advisors five checks totaling $340,706.25. Eidelman deposited that money into his own account. *Id.*

RMS reported the fraud to the FBI. When the FBI interviewed Eidelman, Eidelman immediately confessed, expressed remorse, and tried to make full restitution. Eidelman already provided the United States with a check for $340,706.25.

## II. Guidelines

The undisputed Sentencing Guidelines calculations are as follows:

|  | U.S.S.G. Section | Level/Points |
|---|---|---|
| Base offense level | 2B1.1(a) | 7 |
| Specific offense characteristics | 2B1.1(b)(1)(G) – more than $250,000 loss | +12 |
| Role adjustment | 3B1.3 – abuse of a position of trust | +2 |
| Acceptance of responsibility | 3E1.1 | -3 |
| Total offense level |  | 18 |
| Criminal History Category |  | I |
| **RANGE** |  | 27 – 33 |

2

### III. Discussion

A below-Guidelines sentence of 18 months is sufficient but not greater than necessary to meet the sentencing purposes set forth in 18 U.S.C. § 3553(a).

The § 3553(a) factors point in opposite directions. First, the circumstances of the offense are aggravated. *Id.* § 3553(a)(1). Some people steal because of financial desperation. This was not Eidelman's situation. At the time he defrauded RMS, Eidelman was the CFO of the company, earning over $400,000 per year. PSR ¶ 60. He previously held a series of other highly-paid positions and had substantial assets. PSR ¶¶ 60 – 63. That Eidelman stole when he had no conceivable reason to steal makes this crime worse.

Further, Section 3553(a)(2)(B) requires a district court to impose a sentence that affords adequate general deterrence. White collar crimes such as this one are "prime candidates for general deterrence." *United States v. Musgrave*, 761 F.3d 602, 609 (6th Cir. 2014) (citation omitted). *See also United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) ("Congress viewed deterrence as "particularly important in the area of white collar crime."). This is so because "white-collar criminals act rationally, calculating and comparing the risks and the rewards before deciding whether to engage in criminal activity." *United States v. Brown*, 880 F.3d 399, 405 (7th Cir. 2018) (quotation omitted). A custodial sentence is therefore necessary to prevent similarly situated individuals from believing that they will be able to escape the consequences of their crimes simply by paying back what they stole.

On the other hand, Eidelman has no criminal history, and the letters of support that he submitted to the Court show him to be dedicated to his family, generous, and—up till this offense—law abiding. ECF No. 18. He should be given credit for the productive life that he previously led. Eidelman's history and characteristics strongly inform the United States' recommendation of a below-Guidelines sentence.

Moreover, Eidelman has expressed remorse and tried to take responsibility for his conduct. In that regard, he has been unusually cooperative with the investigation. As explained above, when approached by FBI agents, he immediately confessed, provided details about his offense, and tried to pay restitution before even being charged with a crime. This, too, diminishes the need to provide for adequate specific deterrence through a sentence and counsels in favor of leniency.

Thus, the 18 U.S.C. § 3553(a) factors are both aggravating and mitigating. In light of these

considerations, the United States believes that a below-Guidelines sentence is sufficient but not greater than necessary.

### IV.     Conclusion

The United States respectfully requests that the Court impose an 18-month sentence.

DATED: July 7, 2020                              Respectfully submitted,

                                                 DAVID L. ANDERSON
                                                 United States Attorney


                                                 ____/s/_____
                                                 AJAY KRISHNAMURTHY
                                                 Assistant United States Attorney